UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL LAMONT BEAMON,

    Petitioner,

v.

                        CASE NO. 2:22-CV-12178
                        HONORABLE NANCY G EDMUNDS

MIKE BROWN,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Randall Lamont Beamon, ("Petitioner"), confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for three counts of assault with intent to commit murder, M.C.L.A. § 750.83, assaulting, resisting, or obstructing a police officer causing serious impairment of a body function, M.C.L.A. § 750.81d(3), third-degree fleeing and eluding, M.C.L.A. § 257.602a(3), carrying a concealed weapon, M.C.L.A. § 750.227, two counts of assaulting, resisting, or obstructing a police officer, M.C.L.A. § 750.81d(1), and possession of a firearm during the commission of a felony (felony-firearm, second offense), M.C.L.A. § 750.227b.

Respondent filed an answer to the petition. As part of the answer, respondent argues that the petition should be dismissed, on the ground it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).

For the reasons that follow, the petition is SUMMARILY DIMISSED WITH PREJUDICE.

## I. Background

Petitioner was convicted of the above charges following a jury trial in the Wayne County Circuit Court. Petitioner was also convicted of a charge of felon in possession of a firearm. Petitioner was sentenced as a third habitual offender to concurrent prison terms of 30 to 60 years for his assault with intent to murder convictions; 15 to 30 years for his assaulting an officer causing serious impairment conviction; 5 to 10 years for his fleeing and eluding, carrying a concealed weapon, and felon in possession convictions; and 2 to 4 years for each of his assaulting an officer convictions, along with a consecutive 5 year term for his felony-firearm conviction.

The Michigan Court of Appeals affirmed all but one of petitioner's convictions. The Michigan Court of Appeals vacated petitioner's felon in possession of a firearm conviction. *People v. Beamon*, No. 336229, 2018 WL 3129686 (Mich. Ct. App. June 26, 2018).

Direct review of petitioner's conviction ended on September 30, 2019, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Beamon*, 504 Mich. 971, 933 N.W.2d 298 (2019).

On September 15, 2020, the trial judge entered an amended judgment of sentence to reflect that the felon in possession of a firearm conviction and sentence had been vacated by the Michigan Court of Appeals. (ECF No. 9-20).

On December 9, 2019, petitioner filed a petition for a writ of habeas corpus with the federal court. On December 22, 2020, petitioner moved to voluntarily dismiss his petition so that he could return to the state courts to exhaust additional claims. The Court

granted the motion on January 26, 2021, and dismissed the case without prejudice. *See Beamon v. Winn,* No. 4:19-CV-13615 (E.D. Mich. Jan. 26, 2021).

On September 16, 2021, petitioner filed a motion for DNA testing and a new trial, pursuant to M.C.L.A. § 770.16. (ECF No. 9-21). The trial court denied the motion. *People v. Beamon,* No. 15-010482-01-FC (Wayne Cty. Cir. Ct. Oct. 8, 2021)(ECF No. 9-23). The Michigan Court of Appeals denied petitioner leave to appeal on March 17, 2022. *People v. Beamon,* No. 359322 (Mich. Ct. App. Mar. 17, 2022)(ECF No. 9-26, PageID.1598).

The petition is signed and dated September 8, 2022.[1]

## II. Discussion

The Court dismisses the petition because it is untimely.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th Cir. 2007).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 8, 2022, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

3

    (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for a writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on September 30, 2019. Petitioner's conviction became final, for purposes of the limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on December 29, 2019, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent state collateral review, petitioner was required to file his petition for a writ of habeas corpus with this Court no later than December 29, 2020, in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

The Court recognizes that the trial court entered an amended judgment of sentence on September 15, 2020, which reflected that petitioner's conviction and sentence for felon in possession of a firearm had been reversed on appeal.

4

When a state court conducts a full resentencing, "the resulting sentence is a new "judgment" that restarts § 2244(d)(1)'s timeclock." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020). The imposition of a new, less favorable sentence, upon a limited resentencing, likewise amounts to a new "judgment" that restarts the one-year limitations period for filing a federal habeas petition. *Id.* at 229-30. However, where a limited re-sentencing actually benefits the habeas petitioner, such a modification does not disturb the underlying judgment and thus does not delay the commencement of the limitations period. *Id.* at 229-30 (citing *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). Moreover, where the state court does not conduct a re-sentencing hearing and the state court does not issue a new sentencing entry or a new judgment, a sentence modification does not restart the one year statute of limitations. *Id.* at 230.

The amended judgment of sentence in this case did not delay the start of § 2244(d)(1)'s limitations period because the judge did not conduct a re-sentencing hearing. Instead, the amended judgment simply reflected the fact that the Michigan Court of Appeals reversed petitioner's felon in possession of a firearm conviction. This ruling by the Michigan Court of Appeals, and its subsequent reflection in the amended judgment, actually benefited petitioner and hence did not amount to a new judgment that would delay the start of the limitations period. The removal of the felon in possession conviction by the Wayne County Circuit Court, even if it did not change petitioner's overall sentence, "was certainly a more beneficial outcome than retaining the conviction." *See Wright v. Adams,* No. CV 19-90-REW-CJS, 2020 WL 1536167, at *4 (E.D. Ky. Feb. 24, 2020), *report and recommendation adopted sub nom. Wright v. Adams*, No. 2:19-CV-90-REW-

CJS, 2020 WL 1531377 (E.D. Ky. Mar. 30, 2020). "What is even more clear is that the removal of this conviction did not make his sentence a 'worse-than-before sentence.'" *Id.* Accordingly, as mentioned above, petitioner's conviction became final on December 29, 2019, and he was required to file his petition within one year of this date for it to be timely.

Petitioner filed his first habeas petition with this Court on December 9, 2019. On December 22, 2020, he moved to voluntarily dismiss his petition so that he could return to the state courts to exhaust additional claims. This petition was dismissed without prejudice on January 26, 2021.

A petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The statute of limitations was therefore not statutorily tolled during the time that petitioner's first habeas petition was pending in the federal court.

Petitioner filed a motion for DNA testing and a new trial, pursuant to M.C.L.A. § 770.16 with the trial court on September 16, 2021. The trial court denied the motion and the Michigan Court of Appeals affirmed the denial.

28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the

6

form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001).

A motion for DNA testing and/or a new trial on that basis, pursuant to M.C.L.A. § 770.16, does not toll the limitations period pursuant to § 2244(d)(2) unless the motion for DNA testing is granted and exculpates the petitioner. *Kares v. Horton*, No. 2:19-CV-7, 2021 WL 3361664, at *3 (W.D. Mich. Aug. 3, 2021). "If the motion for DNA testing is denied, or if the testing does not exculpate the defendant, then the motion for a new trial under section 770.16 is not "properly filed" and thus does not toll the statute of limitations." *Id.*

In the present case, petitioner's motion for DNA testing was denied. It was not a properly filed post-conviction motion within the meaning of § 2244(d)(2) that would toll the limitations period.

Assuming that petitioner's motion for DNA testing qualified as a properly filed post-conviction motion, it would not render petitioner's habeas petition timely because it was filed on September 16, 2021, some nine months after the limitations period expired on December 29, 2020. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n. 1 (6th Cir. 2002); The petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and

7

(2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling of the one-year limitations period; he failed to argue or show that the facts of his case support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The Court recognizes that petitioner previously filed a habeas petition on December 9, 2019, that was dismissed without prejudice on January 26, 2021.

Although a petition for federal habeas review is not "an application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1), *See Duncan v. Walker*, 533 U.S. at 181, Justice Stevens indicated in a concurring opinion that neither the Supreme Court's "narrow holding" in *Duncan* nor anything in the text or the legislative history of the AEDPA would prevent a federal court from tolling the limitations period for a habeas petition as "a matter of equity." *Id.* at 183.

In cases in which a stay and abeyance procedure is not employed, a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion with the state courts within thirty days of the federal court's dismissal of the original habeas petition and returned to federal court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002)(citing *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)).

Petitioner is not entitled to equitable tolling of the limitations period for the time that his first habeas petition was pending in the federal court because he waited more than 30

8

days following the dismissal of the first petition to file his motion for DNA testing in the state court and more importantly, waited over thirty days following the denial of his post-conviction appeal by the Michigan Court of Appeals to file his current habeas petition. See *Palmer,* 276 F.3d at 781-82.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his allegations of constitutional error "with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is not entitled to tolling of the limitations period; he presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim does not establish his innocence, so as to toll the limitations period. For purposes of tolling the limitations period, "actual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Any insufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for

9

purposes of tolling the statute of limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) states that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Petitioner will be DENIED leave to appeal *in forma pauperis.*

                                        s/ Nancy G. Edmunds
                                        NANCY G. EDMUNDS
Dated:  June 20, 2023           U.S. DISTRICT JUDGE